| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br>---------------------------------------------------------X<br>GURVINDER SINGH,<br>*on her own behalf and on behalf of others similarly situated*<br>　　　　　　　　　　　Plaintiff,<br>　　　　　　　v.<br>A&H LOGISTICS CORP.<br>ABDELRAHMAN ABDELHAMID<br>　　a/k/a Abdel Rahman<br>　　　　　　　　　　　Defendants.<br>---------------------------------------------------------X | **Docket No. 23-cv-04386**<br><br>**29 U.S.C. § 216(b)**<br>**COLLECTIVE ACTION &**<br>**FED. R. CIV. P. 23 CLASS**<br>**ACTION**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiff GURVINDER SINGH (hereinafter referred to as Plaintiff), on behalf of herself and others similarly situated, by and through her attorney, Troy Law, PLLC, hereby brings this complaint against Defendants A&H LOGISTICS CORP and ABDELRAHMAN ABDEL HAMID a/k/a Abdel Rahman (Collectively referred to as "Defendnats"), and alleges as follows:

## INTRODUCTION

　　　　1.　　This action is brought by the Plaintiff GURVINDER SINGH, on behalf of herself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New Jersey Wage and Hour Law, NJSA § 34:11-56 *et seq* ("NJWHL"), arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

　　　　2.　　Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid wage, (2) unpaid overtime wages (3) liquidated damages, (4) prejudgment and post-judgement interest; and or (5) attorney's fees and cost.

4. Plaintiff further alleges pursuant NJWHL that she is entitled to recover from the Defendants: (1) unpaid wage compensation, (2) unpaid overtime compensation, (3) pre-judgment and post-judgment interest, and (4) attorney's fees and costs.

5. Plaintiff further alleges under the NJWPL that he is entitled to recover from the Defendants: (1) unpaid earned wages, (2) unpaid overtime compensation, (3) liquidated damages, (4) pre-judgment and post-judgment interest and (5) attorneys' fees and costs

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over this controversy under Section 216(b) of the FLSA and Section 1331 of Title 28 of the United States Code.

7. This Court has supplemental jurisdiction over plaintiff's state-law claims under Section 1367, Subsection (a) of Title 28 of the United States Code.

8. Venue is proper in the United States District Court for the District of New Jersey pursuant to Section 1391, Subsections (b) and (c) of Title 28 of the United States Code, because Defendants conduct business in the State of New Jersey, and the acts and omissions giving rise to the claims alleged herein took place within the District of New Jersey.

## PLAINTIFFS

9. Plaintiff Gurvinder Singh was employed by Defendants to work as a truck driver at Defendants Trucking Company A&H Logistics Corp. with a base office at 403 Old Town Circle East Cherry Hill, NJ 08034.

## DEFENDANTS

*Corporate Defendants*

10. Defendant A&H Logistic Corp is a domestic business corporation organized under the laws of the State of New jersey with a principle address at 403 Old Town Circle East, Cherry Hill, NJ 08034.

11. Defendant A&H Logistics Corp is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

12. Defendant A&H Logistics Corp purchased and handled goods moved in interstate commerce.

*Owner/Operator Defendants*

13. Upon information and belief, Abdelrahman Abdelhamid, known as "owner" and manager to plaintiff and the Registered Agent for A&H Logistics Corp, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at A&H Logistics Corp.

14. Abdelrahman Abdelhamid hired plaintiff.

15. Abdelrahman Abdelhamid supervised plaintiff and provided plaintiff with his schedule and locations in which he would pick and drop off loads.

16. Abdelrahman Abdelhamid promised to pay the plaintiff.

17. Abdelrahman Abdelhamid acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and NJWHL regulations promulgated thereunder, and is jointly and severally liable with A&H Logistics Corp.

## STATEMENT OF FACTS

18. Defendants committed the following alleged acts knowingly, intentionally and

willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

19. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New Jersey minimum wage for each hour worked.

20. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

21. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

22. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

23. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations.

24. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in their native language.

25. Defendants knew that the nonpayment of overtime pay would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

*Plaintiff Gurvinder Singh*

26. Plaintiff Gurvinder Singh was employed by the Defendants as a Truck Driver

at Defendants Truck Company A&H Logistics Corp from on or around February 01, 2023 to on or around May 31, 2023.

27. Plaintiff Gurvinder Singh and other employees of Defendants would receive their assigned loads, pickup locations and drop off locations from Defendants.

28. Plaintiff Gurvinder Singh usually spent seven (7) days per week driving between the other locations.

29. Plaintiff Gurvinder Singh usually spent eighteen (18) hours per day driving.

30. Plaintiff Gurvinder Singh usually drove around nine hundred and fifty (950) to one thousand (1,000) miles per day.

31. Plaintiff Gurvinder Singh estimates that he spent on average one hundred and twenty-six (126) hours per week driving and around drove around Six Thousand Eight Hundred and Twenty-Five (6,825) miles per week for the Defendants.

32. From February 01, 2023, to on or around May 31, 2023, plaintiff was to be paid sixty-five cents ($0.65) per mile that he drove. This meant for the Six Thousand Eight Hundred and Twenty-Five (6,825) miles that plaintiff drove per week he would earn around Four Thousand Four Hundred Thirty-Six Dollars and Twenty-Five Cents ($4,436.25).

33. Although plaintiff Gurvinder Singh was promised his mile rate, defendants failed to pay the plaintiff for all the days that he worked.

34. As a result of defendant's failure to pay plaintiff Gurvinder Singh his wages, plaintiff states that he is owed around sixteen thousand dollars ($16,000.00) in back wages from the defendants.

35. Plaintiff Gurvinder Singh's compensation did not include pay at a time and a half for all weeks he worked over forty (40) hours in that week.

36. Defendants committed the foregoing acts knowingly, willfully and maliciously, against plaintiff Gurvinder Singh, the Collective and the Class.

37. Plaintiff has fulfilled all conditions precedent, or such conditions have been waived.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings her NJWHL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two years before the filing of the Complaint in this case as defined herein (the "Class Period").

40. All said persons, including Plaintiff, are referred to herein as the "Class."

41. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

42. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

43. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendant employed Plaintiff and the Class within the meaning of the NJWHL and/or NJWPL;

   b. Whether Plaintiff and Class members are promised and not paid at their promised hourly wage under the NJWHL and/or NJWPL;

   c. Whether Plaintiff and Class members are entitled to and paid overtime at their promised hourly wage or all their wages under the NJWHL;

   d. Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

   e. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

44. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same

corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

45. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

46. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources;

however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

47. Upon information and belief, Defendants and other employers throughout the state violate the New Jersey Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of 29 U.S.C. § 206(a)—Failure to Pay Unpaid Wages Brought on behalf of the Plaintiff and the FLSA Collective]**

48. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49. Section 206, Subsection (a) of the FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the

production of goods for commerce, wages at… $7.25 an hour, beginning 24 months after [the] 60th day [after May 25, 2007]."

50. Plaintiff Gurvinder Singh was not paid during his employment with defendants amounting him to have to be owed back wages in the amount of around sixteen thousand dollars ($16,000.00).

51. Accordingly, throughout plaintiff's employment, plaintiff was not paid the federal minimum wage.

52. Section 216 of the FLSA provides that "[a]ny employer who violates the provisions of section 206… of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

53. Defendants knowingly, willfully and maliciously disregarded the provisions of the FLSA by failing to pay Gurvinder Singh all of his wages.

## COUNT II.
**[Violation of NJWPL § 34:11-4.2—Failure to Pay Earned Wages Brought on Behalf of the Plaintiff and the Collective]**

54. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

55. NJWPL § 34:11-4.2 provides that "every employer shall pay the full amount of wages due to his employees at least twice during each calendar month, on regular pay days designated in advance by the employer."

56. During plaintiff's employment, plaintiff was not paid all of his wages and therefore is owed around sixteen thousand dollars ($16,000.00) in back wages.

57. NJWPL § 34:11-4.10(c) provides that "[i]f any employer fails to pay the full amount of wages to an employee agreed to or required by, or in the manner required by, the provisions of article 1 of chapter 11 of Title 34 of the Revised Statutes and all acts supplementing that article (R.S.34:11-2 *et al.*), the employee may recover in a civil action the full amount of any wages due, … plus an amount of liquidated damages equal to not more than 200 percent of the wages lost or of the wages due, together with costs and reasonable attorney's fees as are allowed by the court."

58. Defendant's action in failing to pay Plaintiff his earned wages were willful and not based on any good faith belief and were in violation of the NJWPL § 34:11-4.10. Plaintiff is entitled to full payment for all wages due to him that were not paid.

59. As a result of Defendants' NJWPL violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NJWPL's wage payment provisions.

## COUNT III.
### [Violation of NJWHL §§34:11-56a—Failure to Pay Overtime Brought on Behalf of the Plaintiff and the Class]

60. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

61. Section 34:11-56a4.5.b(1) of the New Jersey Statutes provides that "[a]n employer shall [] pay each employee not less than 1 1/2 times such employee's regular hourly rate for each hour of working time in excess of 40 hours in any week."

62. Throughout plaintiff Gurvinder Singh's employment with defendants, he was paid wages that did not include pay for overtime at a rate of one- and one-half times his regular rate.

63. Further during a period of his employment plaintiff was not paid at all for his work and that is why he seeks unpaid wages against defendants.

64. Accordingly, plaintiff Gurvinder Sinh was not paid one-and-one-half times the New Jersey minimum wage during the time that he was not paid for his hours.

65. Section 34:11-56a25.26 of the New Jersey Statutes provides that "[i]f any employee is paid by an employer less than the minimum fair wage to which the employee is entitled under the provisions of P.L.1966, c.113 (C.34:11-56a *et seq.*)…, the employee may recover in a civil action the full amount of that minimum wage less any amount actually paid to him or her by the employer…, and an additional amount equal to not more than 200 percent of the amount of the unpaid minimum wage [] as liquidated damages, plus costs and reasonable attorney's fees as determined by the court."

66. Defendants knowingly, willfully and maliciously disregarded the provisions of the NJWHL by failing to pay plaintiff Gurvinder Singh overtime.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid minimum wage and overtime wages due under FLSA and NJWHL due Plaintiff and the Collective Action members plus compensatory and liquidated damages;

g) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

i) An award of lost wages and liquidated damages equal to lost wages as a result of Plaintiffs' unlawful termination, compensatory damages, 2% simple prejudgment interest provided by NJWHL, post-judgment interest, and attorney fees and costs;

j) The cost and disbursements of this action;

    k)      An award of prejudgment and post-judgment fees;

    l)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiff demands a trial by jury on all questions of facts.

Dated: August 11, 2023
       Flushing, New York

                        TROY LAW, PLLC
                        *Attorneys for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

                        /s/ Aaron Schweitzer
                        Aaron Schweitzer
                        Tiffany Troy
                        41-25 Kissena Boulevard, Suite 110
                        Flushing, NY 11355
                        Tel: (718) 762-1324
                        troylaw@troypllc.com